UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JEREMIAH RUTH,

      Plaintiff,

   v.

FIVE KEYS,

      Defendant.

No.  2:26-cv-1132 DAD AC PS

ORDER

     Plaintiff is proceeding in this action pro se.  This matter was accordingly referred to the undersigned by E.D. Cal. 302(c)(21).  Plaintiff has filed a request for leave to proceed in forma pauperis ("IFP") and submitted the affidavit required by that statute.  See 28 U.S.C. § 1915(a)(1). The motion to proceed IFP will therefore be granted.

## I.  SCREENING

### A.   Legal Standard

     The federal IFP statute requires federal courts to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2). Plaintiff must assist the court in determining whether the complaint is frivolous, by drafting the complaint so that it complies with the Federal Rules of Civil Procedure ("Fed. R. Civ. P.").  The Federal Rules of Civil Procedure are available online at www.uscourts.gov/rules-policies/current-

1

rules-practice-procedure/federal-rules-civil-procedure.

Under the Federal Rules of Civil Procedure, the complaint must contain (1) a "short and plain statement" of the basis for federal jurisdiction (that is, the reason the case is filed in this court, rather than in a state court), (2) a short and plain statement showing that plaintiff is entitled to relief (that is, who harmed the plaintiff, and in what way), and (3) a demand for the relief sought. Fed. R. Civ. P. 8(a). Plaintiff's claims must be set forth simply, concisely and directly. Fed. R. Civ. P. 8(d)(1). Forms are available to help pro se plaintiffs organize their complaint in the proper way. They are available at the Clerk's Office, 501 I Street, 4th Floor (Rm. 4-200), Sacramento, CA 95814, or online at www.uscourts.gov/forms/pro-se-forms.

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). In reviewing a complaint under this standard, the court will (1) accept as true all of the factual allegations contained in the complaint, unless they are clearly baseless or fanciful, (2) construe those allegations in the light most favorable to the plaintiff, and (3) resolve all doubts in the plaintiff's favor. See Neitzke, 490 U.S. at 327; Von Saher v. Norton Simon Museum of Art at Pasadena, 592 F.3d 954, 960 (9th Cir. 2010), cert. denied, 564 U.S. 1037 (2011).

The court applies the same rules of construction in determining whether the complaint states a claim on which relief can be granted. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (court must accept the allegations as true); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974) (court must construe the complaint in the light most favorable to the plaintiff). Pro se pleadings are held to a less stringent standard than those drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the court need not accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact. Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981). A formulaic recitation of the elements of a cause of action does not suffice to state a claim. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007); Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

To state a claim on which relief may be granted, the plaintiff must allege enough facts "to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. "A claim has

2

facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend, unless the complaint's deficiencies could not be cured by amendment. See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987), superseded on other grounds by statute as stated in Lopez v. Smith, 203 F.3d 1122 (9th Cir.2000)) (en banc).

B.      The Complaint

Plaintiff filed this action on March 26, 2026. ECF No. 1. Plaintiff identifies the defendant as "Five Keys" and identifies the job or title of defendant as "resident," but lists the street address as "Hard to find." ECF No. 1 at 2. It is unclear whether plaintiff is suing a building or entity called "Five Keys" or a person who lives at a building called "Five Keys," or a person who is named "Five Keys." Plaintiff identifies the basis for federal jurisdiction as the Americans with Disabilities Act. Id. at 4. Plaintiff's entire statement of his claim reads as follows. "Constant harassment, Aggressive approach by female and male staff to resolve disputes. discrimination/Gaslighting, Bullying. Failure to Accommodate cardiac Dietary needs as told By staff with Doctors signature." Id. at 5. Plaintiff seeks $200,000 for psychological and emotional distress and failure to accommodate, in addition to punitive damages. Id. at 6.

C.      Discussion

Plaintiff's complaint cannot be served at this time for several reasons. First, the complaint does not meet the pleading requirements described by Federal Rule of Civil Procedure 8. Rule 8 requires that pleadings contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Though plaintiff need not give "detailed factual allegations," plaintiff must plead sufficient facts that, if true, "raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Adequately pled claims will "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Conley v. Gibson, 355 U.S. 41, 47 (1957). Courts must ultimately dismiss complaints that "fail[ ] to provide the

3

individual defendants with proper notice of the claims being asserted against them and ... [do] not afford defendants a fair opportunity to assert ... defenses." McHenry v. Renne, 84 F.3d 1172, 1175 (9th Cir. 1996). Here, plaintiff's complaint as drafted does not contain any clear facts; it does not describe who or what the defendant is, who did what to plaintiff, when they did it, or how legal harm was caused. Accordingly, the complaint cannot be served at this time.

Second, plaintiff does not allege any facts that support his sole cause of action, a claim under the Americans with Disabilities Act ("ADA"). "The ADA contains five titles: Employment (Title I), Public Services (Title II), Public Accommodations and Services Operated by Private Entities (Title III), Telecommunications (Title IV), and Miscellaneous Provisions (Title V)." See Americans with Disability Act of 1990, Pub. L. No. 101-336, 104 Stat. 327, 327-28 (1990). Looking at the complaint as drafted, the court cannot tell which provision plaintiff is attempting to invoke.

To the extent plaintiff is suing under Title III, which prohibits public accommodations from discriminating against disabled persons "on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations," plaintiff has not provided enough facts to state a claim. See 42 U.S.C. § 12182(a); PGA Tour, Inc. v. Martin, 532 U.S. 661, 676 (2001). First, the court is unable to tell if the defendant is a public accommodation. Further, to state a claim under Title III, a plaintiff must establish that: (1) he "is disabled within the meaning of the ADA;" (2) "the defendant is a private entity that owns, leases, or operates a place of public accommodation;" and (3) he "was denied public accommodations by the defendant because of h[is] disability." Molski v. M.J. Cable, Inc., 481 F.3d 724, 730 (9th Cir. 2007) (citing 42 U.S.C. §§ 12182(a)-(b)). The complaint establishes none of these elements.

For all the foregoing reasons, the complaint cannot be served. However, rather than recommending dismissal, the court will allow plaintiff to file an amended complaint correcting the problems outlined above.

## II.  AMENDING THE COMPLAINT

If plaintiff chooses to amend the complaint, the amended complaint must clearly identify the defendant and must allege sufficient facts to support his legal causes of action. The

4

allegations of the complaint must be set forth in sequentially numbered paragraphs, with each paragraph number being one greater than the one before, each paragraph having its own number, and no paragraph number being repeated anywhere in the complaint.  Each paragraph should be limited "to a single set of circumstances" where possible.  Rule 10(b).  As noted above, forms are available to help plaintiffs organize their complaint in the proper way.  They are available at the Clerk's Office, 501 I Street, 4th Floor (Rm. 4-200), Sacramento, CA 95814, or online at www.uscourts.gov/forms/pro-se-forms.

Plaintiff must avoid excessive repetition of the same allegations.  Plaintiff must avoid narrative and storytelling.  That is, the complaint should not include every detail of what happened, nor recount the details of conversations (unless necessary to establish the claim), nor give a running account of plaintiff's hopes and thoughts.  Rather, the amended complaint should contain only those facts needed to show how the defendant legally wronged the plaintiff.

The amended complaint must not force the court and the defendants to guess at what is being alleged against whom.  See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (affirming dismissal of a complaint where the district court was "literally guessing as to what facts support the legal claims being asserted against certain defendants").  The amended complaint must not require the court to spend its time "preparing the 'short and plain statement' which Rule 8 obligated plaintiffs to submit."  Id. at 1180.  The amended complaint must not require the court and defendants to prepare lengthy outlines "to determine who is being sued for what."  Id. at 1179.

Also, the amended complaint must not refer to a prior pleading to make plaintiff's amended complaint complete.  An amended complaint must be complete without reference to any prior pleading.  Local Rule 220.  This is because, as a general rule, an amended complaint supersedes the original complaint.  See Pacific Bell Tel. Co. v. Linkline Communications, Inc., 555 U.S. 438, 456 n.4 (2009) ("[n]ormally, an amended complaint supersedes the original complaint") (citing 6 C. Wright & A. Miller, Federal Practice & Procedure § 1476, pp. 556-57 (2d ed. 1990)).  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

### III.  PRO SE PLAINTIFF'S SUMMARY

It is not clear that this case can proceed in federal court.  The court cannot tell from your complaint what legal harm was done to you because you do not provide enough facts.  The court cannot tell what or who the defendant is, or what exactly they did to cause you legal harm.

You are being given 30 days to submit an amended complaint that provides a proper basis for federal jurisdiction.  If you submit an amended complaint, it needs to explain in simple terms what laws or legal rights of yours were violated, by whom and how, and how those violations impacted you.  Without this information, the court cannot tell what legal claims you are trying to bring against the defendants.  If you do not submit an amended complaint by the deadline, the undersigned will recommend that the case be dismissed.

### IV.  CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1.  Plaintiff's request to proceed in forma pauperis (ECF No. 2) is GRANTED;

2.  Plaintiff's "Notice of Lawsuit," which is noticed as a motion (ECF No. 3) is DENIED as MOOT because the complaint is not suitable for service at this time; and

3.  Plaintiff shall have 30 days from the date of this order to file an amended complaint that names defendants who are amenable to suit, and which complies with the instructions given above.  If plaintiff fails to timely comply with this order, the undersigned may recommend that this action be dismissed.

DATED: May 8, 2026

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

6